ORAL ARGUMENT HELD APRIL 13, 2012
No. 11-1302 and consolidated cases (COMPLEX)

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

———————

EME Homer City Generation, L.P., et al.
*Petitioners,*

v.

United States Environmental Protection Agency, et al.,
*Respondents,*

———————

On Petition for Review of an Action of the
United States Environmental Protection Agency

———————

## WISCONSIN PETITIONERS'
## OPPOSITION TO EPA'S MOTION TO GOVERN FUTURE
## PROCEEDINGS

## INTRODUCTION

In response to this Court's Order for motions governing future proceedings in this case [Doc. #1495788], Petitioner State of Wisconsin submitted its own motion to govern future proceedings [Doc. #1500945], in part joining the "State And Local Petitioners' Motion To Govern Proceedings On Remand From The Supreme Court" [Doc. #1500966]. Similarly, the undersigned industry Petitioners from Wisconsin joined in the "Industry/Labor Petitioners' Motion To Govern Proceedings On Remand From The Supreme Court" [Doc. #1500963]. The State of Wisconsin (Case No. 11-1393) and the undersigned Wisconsin industry Petitioners, Wisconsin Public

Service Corporation (Case No. 11-1350); Dairyland Power Cooperative (Case No. 11-1394); Wisconsin Paper Council, Inc., Wisconsin Manufacturers and Commerce, Midwest Food Processors Association, and Wisconsin Cast Metals Association (Case No. 11-1377), (collectively "the Wisconsin Petitioners") request the opportunity to brief their as-applied challenge to the Transport Rule based on facts and circumstances unique to Wisconsin and not covered in the joint brief and reply brief filed by State and Local Petitioners or the Industry/Labor Petitioners.

The Wisconsin Petitioners submit this response to EPA's Motion to Govern Future Proceedings [EPA Mot.; Doc. #1500830]. Wisconsin joins the responses to EPA's motion filed by Luminant Petitioners [Doc. #1501970] and State and Local Petitioners [Doc. #1503207], as well as the arguments advanced by the City of Ames and states of Texas and Louisiana in response to EPA's motion to govern future proceedings. In addition, without repeating the arguments in those responses, the Wisconsin Petitioners provide the following arguments that are unique to Wisconsin's circumstances under EPA's Cross-State Air Pollution Rule, 76 Fed. Reg. 48, 208 (Aug. 8, 2011), generally known as the "Transport Rule".

In summary, first, Wisconsin did not waive its opportunity to brief its specific as-applied challenge to the Transport rule, as EPA contends. There was no waiver of the issues and arguments that Wisconsin preserved for this appeal. This Court's January 28, 2012 scheduling order does not preclude briefing on those arguments.

Second, the Wisconsin Petitioners have not had, as EPA argues, an ample and fair opportunity to preserve and brief issues raised by the rule as applied in Wisconsin. The joint briefing previously allowed by the Court in 2012 did not provide for an individualized brief challenging the rule "as-applied" in Wisconsin according to the specific and particular circumstances in our state.

Third, the Wisconsin Petitioners seek the opportunity to provide the court with supplemental briefing only on issues unique to Wisconsin, and without lengthy and voluminous submissions. Wisconsin has asked to file an opening brief with a maximum of 4,000 words to cover issues that have already been identified, but have not been previously briefed, and a 3,000-word reply brief [Doc. #1500945].

## ARGUMENT

### I. Wisconsin Did Not Waive Its Opportunity To Brief Its Specific As-Applied Challenge To The Transport Rule.

EPA argues that Petitioners, including the Wisconsin Petitioners, did not preserve their as-applied challenges to the rule, and waived their opportunity to argue them by not including those challenges in their initial joint briefs. EPA Mot. 9-10. This simply is not true.

As noted in the State of Wisconsin's Statement of Issues [Doc. #1340637], in its initial motion for stay [Doc. #1337415], and in Wisconsin Petitioners' Motion for Leave To File Short Joint Supplemental Briefs [Doc. #1353041], the Wisconsin Petitioners raised specific issues affecting the extent to which EPA's Transport Rule

3

forces Wisconsin to regulate emissions for purposes of attainment and maintenance in other states. For the reasons stated in its previous filings, and as now strongly reinforced by the Supreme Court, *EPA v. EME Homer City Generation, L.P.*, 134 S.Ct. 1584, 1609 (2014), Wisconsin Petitioners are entitled to brief their arguments why the Transport Rule is arbitrary and capricious and is invalid as applied to Wisconsin. Moreover, these as-applied issues were addressed in a general way in the joint State and Local Petitioners' Opening Brief [Doc. #1357570], and in the Industry and Labor Petitioners' Brief [Doc. # 1357526], but this Court did not reach the Wisconsin-specific issues. Those issues remain for resolution on remand. The Wisconsin Petitioners certainly did preserve their specific "as-applied" issues for decision by the Court.

There is nothing in the record to suggest that any or all of the Wisconsin Petitioners waived, or intended to waive, their opportunity to brief these issues. Wisconsin's prior motion and submissions show the contrary. By its submissions, Wisconsin clearly demonstrated its intention to brief, at the appropriate time, the invalidity of the Transport Rule "as-applied" in Wisconsin. Wisconsin preserved its right to brief those issues by filing its Motion for Supplemental Briefing in the context of joining the State And Local Motion To Govern Proceedings on issues common to all state and local petitioners and in the interests of judicial efficiency [Doc. #1353049].

4

Moreover, this Court's January 28, 2012 scheduling order does not support EPA's assertion that the parties forever waived their right to brief these issues. According to EPA, "In its order establishing a briefing schedule and format, the Court denied Petitioners' request to bifurcate and defer briefing on any issues. See No. 11-1302, Order (Doc. #1353334) (Jan. 18, 2012)." EPA Mot. at 10. EPA argues that this language put the Wisconsin Petitioners "on notice" to fully brief their "as-applied" arguments. EPA's reading of the Court's order would render it inconsistent with the Supreme Court's opinion. The Court's hands are not tied from ordering future briefing on remand; the Supreme Court ordered it.

No explanation was given or owed by the Court for its denial of the bifurcated separate briefs. By the same token, no "notice" of potential waiver of judicial review rights under Clean Air Act § 307(b)(1), 42 U.S.C. § 7607(b)(1), was expressed or can be inferred from this Court's scheduling order. The order simply denies the motions to file contemporaneous bifurcated separate briefs within the context of the briefs it was authorizing. The Court's order did not preclude future briefing.

"In construing orders and judgments, the entire contents of the instrument and the record should be taken into consideration in ascertaining the intent." *Capetan v. Brownell*, 148 F.Supp. 519, 520 (E.D.N.Y. 1957) (citing *Smith v. Comm'r of Internal Revenue*, 67 F.2d 167 (4th Cir.1933)). At the time of the order, the overarching legal issues requested to be briefed could have disposed of the case without briefing individual "as-applied" cases (which in fact occurred under this Court's decision).

5

It was logical for the Court to initially limit briefing to those overarching legal issues in order to avoid potentially unnecessary supplemental briefing at that time. There is nothing in the context of this Court's initial scheduling order to suggest that EPA can attribute more to this Court's order than was expressed. The Court's order certainly did not preclude the Court from ordering future briefing on issues that were preserved and retained for decision following the initial briefing, if necessary.

## II. Wisconsin Petitioners Did Not Have An Ample Or Fair Opportunity To Raise And Brief Issues Raised By The Rule As Applied To Wisconsin.

Wisconsin has not had, as EPA argues, an ample and fair opportunity to preserve and brief issues raised by the rule as applied in Wisconsin. The joint briefing previously allowed by the Court did not provide for individualized briefs challenging the rule "as-applied" in Wisconsin according to the specific and particular circumstances in our state.

The briefing that was ordered left no room for Wisconsin, as well as other state and local governments, to properly brief their specific "as-applied" challenges to the rule in the joint brief on the overarching legal issues they shared. The Court's scheduling order limited all Petitioners (Local and State; Labor and Industry) to two briefs, not to exceed a combined total of 28,000 words on "cross-cutting issues." Divided evenly, this allocates 14,000 words to each brief. State And Local Petitioners' Opening Brief contained 13,379 words, excluding exhibits and the parts of the brief exempted by D.C. Circuit Rule 32(a)(1). [Doc. #1357570 at 84 of 85]. Briefing was

6

on "cross-cutting issues" common and shared among these two groups of petitioners. Wisconsin, along with other Petitioners, could not have made their "as-applied" cases within 621 words, or without doing violence to the joint consensus to cooperate on one brief on the overarching issues required to be briefed.

### III. Wisconsin Petitioners Will File A Short Brief On Preserved "As-Applied" Issues Only.

There is nothing new, voluminous or lengthy to be filed by the Wisconsin Petitioners on their as-applied issues.

The Wisconsin Petitioners seek the opportunity to provide the Court with supplemental briefing only on issues that are necessary and unique to Wisconsin, and without lengthy and voluminous submissions. Wisconsin has asked to file an initial brief with a maximum of 4,000 words to cover issues already identified, not "new" issues and not previously briefed issues. The other Wisconsin Petitioners would participate in this brief.

There is nothing "new" about the issues the Wisconsin Petitioners would brief. The issues to be briefed are and have been identified in the State of Wisconsin's Statement of Issues [Doc. #1340637], in its initial motion for stay [Doc. #1337415], and in Wisconsin Petitioners' Motion for Leave To File Short Joint Supplemental Briefs [Doc. #1353041].

As fully described in Wisconsin's Motion For Stay Of Final Rule [Doc. #1337415], Wisconsin argues all of the following, for both NOx and SO2 emissions: (1) EPA based its regulation on significant erroneous assumptions and facts, id. at 7; (2) EPA inaccurately assessed nonattainment and maintenance status based on incorrect emission projections, id. at 9-10; (3) the rule illegally requires Wisconsin to offset other states' contributions, id. at 10-11; (4) the rule does not clearly identify Wisconsin's portion of emissions contributions that supposedly interfere with attainment and/or maintenance of air quality standards, id. at 11-12; and (5) EPA did not account for actual conditions in determining emission reduction requirements that address impeding nonattainment and interfering with maintenance, id. at 12-13.

The Wisconsin Petitioners identified this class of issues again in their Motion For Leave To File Short Joint Supplemental Briefs as follows:

> 1. Wisconsin Petitioners intend to argue that EPA's methodology for grouping states under the SO2 program was arbitrary, capricious and an abuse of discretion. After describing how EPA determined which states to include in Group 1 versus Group 2 of the SO2 program, and the implications to the states associated with each group, Wisconsin Petitioners will argue that EPA unlawfully failed to consider the magnitude of each state's downwind air quality contributions when grouping states. The result is inequitable and unlawful for states like Wisconsin that have relatively minor downwind air quality contributions – but were placed into Group 1 of the SO2 program anyway.
>
> 2. EPA determined which states to include in the annual SO2 program by conducting 2012 base case modeling and determining whether each state was over a specific air quality contribution threshold, i.e., a "significant contribution" level. Wisconsin Industry Petitioners will argue that, when determining which states to include in the annual SO2

8

program, EPA unlawfully failed to consider whether each state's "significant contributions" would be eliminated in the base case (without CSAPR in place) by the applicable attainment deadlines. The result is that some states, like Wisconsin, may have been included in the SO2 program, even though they would no longer be "significantly contributing" to downwind air quality problems by the applicable attainment date.

The Wisconsin Petitioners reiterate their request in Wisconsin's Motion For Leave To File Short Joint Supplemental Briefs to address whether the EPA's application of the Transport Rule methodology to Wisconsin was valid. The "as-applied" issue cannot be decided within the context of the overarching issues already briefed and those to be briefed jointly in the two larger state and industry groups. Wisconsin preserved, but did not have the opportunity to brief, these issues as the U.S. Supreme Court recognized the Petitioners should have the right to do *EPA v. EME Homer City Generation, L.P.*, 134 S.Ct. at 1609.

## CONCLUSION

For the reasons stated above, this Court should deny EPA's motion to govern future proceedings and grant the State of Wisconsin's Motion To Govern Future Proceedings, the State and Local Petitioners' Motion To Govern Proceedings, and the Industry/Labor Petitioners' Motion To Govern Proceedings.

Dated: July 17, 2014.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  |  |
|  | J.B. VAN HOLLEN<br>Attorney General |
|  |  |
|  | /s/ Thomas J. Dawson<br>THOMAS J. DAWSON<br>Assistant Attorney General<br>State Bar #1016134<br>MAURA F. WHELAN<br>Assistant Attorney General<br>State Bar #1027974 |
| Wisconsin Department of Justice<br>Post office Box 7857<br>Madison, Wisconsin 53707-7858<br>(608) 266-8987<br>(608) 266-2250 (Fax)<br>dawsontj@doj.state.wi.us<br>whelanmf@doj.state.wi.us | Attorneys for Petitioner State of Wisconsin |
|  |  |
|  | /s/ RICHARD G. STOLL<br>Richard G. Stoll, Esq.<br>Foley & Lardner LLP<br>3000 K St. NW, Suite 600<br>Washington, D.C. 20007-5109<br>Telephone: (202) 295-4021<br>Facsimile: (202) 672-5399<br>rstoll@foley.com |
|  |  |
|  | Brian H. Potts, Esq.<br>Foley & Lardner LLP<br>Verex Plaza<br>150 East Gilman Street<br>Madison, WI 53703<br>Telephone: (608) 258-4772<br>Facsimile: (608) 258-4258<br>*Counsel for Petitioner Wisconsin Public Service Corporation* |

/s/ JEFFREY L. LANDSMAN
Jeffrey L. Landsman
Vincent M. Mele
Wheeler, Van Sickle & Anderson, S.C.
25 West Main Street, Suite 801
Madison, WI 53703-3398
Telephone: (608) 255-7277
Facsimile: (608) 255-6006
E-mail: jlandsman@wheelerlaw.com
vmele@wheelerlaw.com
*Counsel for Petitioner Dairyland Power Cooperative*

/s/ JORDAN J. HEMAIDAN
Jordan J. Hemaidan
Todd E. Palmer
MICHAEL BEST & FRIEDRICH, LLP
One South Pinckney Street, Suite 700
PO Box 1806
Madison, WI 53701-1806
Telephone: (608) 257-3501
Facsimile: (608) 283-2275
Email: jjhemaidan@michaelbest.com
tepalmer@michaelbest.com
*Attorneys for:*
*Wisconsin Paper Council, Inc.*
*Wisconsin Manufacturers and Commerce*
*Midwest Food Processors Association*
*Wisconsin Cast Metals Association*

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2014, I caused the foregoing State Of Wisconsin's Opposition To EPA's Motion To Govern Future Proceedings to be served by the Court's CM/ECF system on all registered counsel through the Court's CM/ECF system.

>/*s*/ Thomas J. Dawson
> Thomas J. Dawson
> Assistant Attorney General